A-rra-ram N. Geller, J.
This is a motion to vacate a preclusion order entered on default against plaintiff Nimrod, referred to me by Mr. Justice Gallagher. For the purpose of clarification and additional proof, leave was granted to said plaintiff to serve supplementary affidavits, with the opportunity to defendant Yonan, the defendant affected by this motion, to respond thereto.
It appears that about the time this motion was made in New York County a motion had been made in Westchester County to consolidate the two actions then pending, involving a collision between two automobiles, instituted separately by the respective passengers against both drivers. The Westchester consolidation order was entered without opposition and the New York preclusion order was entered on default.
There is a dispute as to an alleged understanding at the time of the motion to preclude claimed to have been agreed upon in a telephone conversation with the managing clerk in the office of defendant’s attorney by plaintiff’s then attorney, who was shortly thereafter appointed an Assistant United States Attorney. He states that he was told not to worry and *519 to serve the hill when he received the information from plaintiff, a resident of Connecticut. He also claims that this understanding was confirmed in a subsequent telephone conversation with the managing clerk, naming her, after the order was signed. Defendant’s attorney states that a stipulation had been executed after service of the demand extending plaintiff’s time to serve the bill and that, had additional time been thereafter requested, he would have granted same. The managing clerk states that no further request was made. The bill was served after a considerable delay but returned by defendant.
It seems fair to conclude from the positive sworn statement of plaintiff’s former attorney and the fact that he must have known that he could have obtained a further extension but simply served the bill some time after a copy of the preclusion order had been served upon him, that there was either a misunderstanding as to what had been agreed to or such an oral understanding which, however, was not noted in defendant’s case file. In view of the circumstances plaintiff’s former attorney is entitled to the benefit of the doubt. There is corroboration of his belief, at least, in his version in the form of an affidavit submitted by another attorney who was asked, during the former’s absence on vacation, to take care of this matter and told of the alleged understanding concerning acceptance of the bill. It should be observed that no possibility of dispute would have existed had plaintiff’s former attorney incorporated the alleged understanding in a written stipulation in accordance with rule á of the Rules of Civil Practice.
However, taking into consideration all of the circumstances relative both to the action and the motion, the court has concluded that the default was due to inadvertence or excusable neglect. There is no prejudice to defendant shown in vacating the preclusion order except the loss of an advantage gained thereby, but substantial prejudice to plaintiff if the order stands. Since plaintiff Nimrod would be compelled, if this motion were denied, to continue with her action against defendant Yonan originally instituted in Connecticut, there is a possibility of an unjust and inconsistent result of the two ensuing trials. She might be denied recovery against defendant G-room in the Westchester County trial on the ground that Yonan was solely responsible for the accident, and denied recovery against Yonan in the Connecticut trial on the ground that Groom was solely responsible for the accident. Furthermore, the vacatur of the preclusion order will permit the entire matter to be disposed of at one trial in Westchester County, since the granting of relief hereunder will be conditioned upon the discon *520 tinuance of the Connecticut action, as proposed by plaintiff’s present attorney.
The motion to vacate the order of preclusion and directing defendant Yonan to accept service of plaintiff Nimrod’s bill of particulars is granted upon condition that the Connecticut action he discontinued. Settle order at chambers.